Philip R. Sellinger (PS-9369)
Ian S. Marx (IM-1704)
**GREENBERG TRAURIG, LLP**
200 Park Avenue; P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900 (Phone)
(973) 301-8410 (Facsimile)
Attorneys for Plaintiff
*Cellco Partnership d/b/a Verizon Wireless*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>v.<br><br>FEATURE FILMS FOR FAMILIES, INC., FAMILY1 DISTRIBUTION, LLC, FAMILY1 DEVELOPMENT GROUP, INC., JOHN DOE No. 1 (a/k/a owner, user or "spoofer" of telephone number 917-210-4609) and JOHN DOES 2-50,<br><br>Defendants. | Civil Action No.<br><br>*Document Electronically Filed*<br><br>**VERIFIED COMPLAINT** |

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and through its undersigned counsel, as and for its Verified Complaint against defendants Feature Films For Families, Inc. ("Feature Films"), Family1 Distribution, LLC, Family1 Development Group, Inc., (collectively, "Family1"), John Doe No. 1 (a/k/a owner, user or "spoofer" of telephone number 917-210-4609) and JOHN DOES 2-50 ("Defendants") alleges as follows:

## SUMMARY AND NATURE OF THE ACTION

1. This is an action by Verizon Wireless to halt an illegal telemarketing campaign by Defendants. Over the past few weeks, Defendants or those acting on their behalf made **hundreds of thousands** of unsolicited telemarketing calls to Verizon Wireless subscribers, through the apparent use of an autodialing mechanism, promoting the release of "The Velveteen Rabbit" – conduct that Congress expressly prohibited in the federal Telephone Consumer Protection Act ("TCPA") and that likewise violates state consumer fraud and privacy law. Verizon Wireless brings this action to preserve the privacy of its subscribers through entry of an injunction prohibiting Defendants' illegal conduct and an award of statutory and common law damages.

## THE PARTIES

2. Verizon Wireless is a Delaware general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey. Verizon Wireless is a leading provider of wireless communications with more than 80 million customers throughout New Jersey and the United States. Many of Verizon Wireless' employees receive wireless telephone service through "concession accounts," which are wireless phone lines that Verizon Wireless maintains for its own or its employees' use.

3. The partners in Cellco Partnership are:

   a. **Bell Atlantic Cellular Holdings, L.P., One Verizon Way, Basking Ridge, NJ 07920-1097**, a Delaware limited partnership with its principal place of business in New Jersey whose partners are:
      - Bell Atlantic Personal Communications, Inc. a Delaware corporation with its principal place of business in New Jersey
      - Bell Atlantic Mobile Systems, Inc. a Delaware corporation with its principal place of business in New Jersey

   b. **NYNEX PCS Inc., One Verizon Way, Basking Ridge, NJ 07920-1097**, a Delaware corporation with its principal place of business in New Jersey

  c. **PCSCO Partnership, One Verizon Way, Basking Ridge, NJ 07920-1097,** a Delaware general partnership with its principal place of business in New Jersey, whose partners are:
- Bell Atlantic Cellular Holdings, L.P. (see above)
- NYNEX PCS Inc. (see above)
- Metro Mobile CTS of Charlotte, Inc., a Virginia corporation with its principal place of business in New Jersey
- Bell Atlantic Personal Communications, Inc., a Delaware corporation with its principal place of business in New Jersey.

  d. **GTE Wireless Incorporated, One Verizon Way, Basking Ridge, NJ 07920-1097,** a Delaware corporation with its principal place of business in New Jersey

  e. **PCS Nucleus, L.P., Denver Place, South Tower, 999 – 18th Street, Suite 1750, Denver, CO 80202,** a Delaware limited partnership with its principal place of business in Colorado whose partners are:
- Vodafone Holdings LLC (general partner), a Delaware limited liability company with its principal place of business in Colorado
- Vodafone Americas Inc., a Delaware corporation with its principal place of business in Colorado

  f. **JV PartnerCo, LLC, Denver Place, South Tower, 999 – 18th Street, Suite 1750, Denver, CO 80202,** a Delaware limited liability company with its principal place of business in Colorado

4. Defendant Feature Films for Families, Inc. is a Utah corporation with its principal place of business at 5286 Commerce Drive, Salt Lake City, Utah. Upon information and belief, Feature Films is in the business of promoting and distributing films.

5. Defendant Family1 Distribution, LLC is a California limited liability company with its principal place of business at 3334 North San Fernando Road, Unit 102, Los Angeles, California. Upon information and belief, Family1 Distribution, LLC is in the business of marketing and distributing films.

6. Defendant Family1 Development Group, Inc. is a California corporation with its principal place of business at 3334 North San Fernando Road, Unit 102, Los Angeles, California. Upon information and belief, Family1 Development Group, Inc. is in the business of marketing and distributing films. Family1 Distribution, LLC and Family1 Development Group are

3

collectively referred to herein as "Family1." Upon information and belief, Family1 engaged Feature Films for the purpose of promoting the release of "The Velveteen Rabbit."

7. Verizon Wireless does not know the true names of the defendants sued herein as JOHN DOES 1 through 50 and therefore sues such defendants by such fictitious names. Verizon Wireless will amend this Complaint to set forth the true names of such defendants when the same are learned.

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. §1332 because the corporate partners of Verizon Wireless, Feature Films and Family1 are incorporated in, and have their principal places of business in, different states and the amount of the controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this district in accordance with 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this district, or were directed toward Verizon Wireless in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Defendants have engaged in a campaign of making unsolicited telemarketing calls to Verizon Wireless subscribers on their wireless phones, including calls made to employee concession accounts, by using an autodialer and prerecorded voice (the "Telemarketing Calls").

11. Since at least February 4, numerous Verizon Wireless customers and employees have received calls on their wireless telephones consisting of either a prerecorded voice message or an individual reading a script promoting Defendant Family1 Films's anticipated release of a film titled "The Velveteen Rabbit."

12. The Verizon Wireless customers and employees who have received these calls have reported that telephone number that appears on the caller ID when they received such calls is 917-210-4609.

13. For example, on February 13, at least two dozen Verizon Wireless concession phones located in a Verizon Wireless store received calls from 917-210-4609 in almost immediate succession. When a Verizon Wireless retail representative answered one of these calls, he was asked by an individual for forty seconds of his time to hear a solicitation to see the "Velveteen Rabbit" movie.

14. Many of the Verizon Wireless customers and employees who have received such calls from the telephone number 917-210-4609 have registered with the national "Do Not Call" registry, but nevertheless have received unsolicited calls from this telephone number.

15. When a Verizon Wireless security investigator contacted Defendant Family 1 regarding the Telemarketing Calls, he was informed that Defendant Feature Films had been hired by Family 1 to market "The Velveteen Rabbit." When the security investigator contacted Defendant Feature Films, he spoke with a representative who would identify herself only as "Holly," and who acknowledged that Feature Films had been making these telemarketing calls.

16. Between February 4, 2009 and February 14, 2009 alone, Defendants made at least 448,248 calls to Verizon Wireless customers and/or concession accounts, of which approximately 794 were made to Verizon Wireless concession accounts.

17. Upon information and belief, the volume of calls placed from a single telephone number during very short time spans demonstrates that they were made by using automatic telephone dialing system equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. For instance, between 2:00 pm and

3:00 pm on February 6, 2009, approximately 6,406 calls with a caller ID of 917-210-4609 were made. On average, that is one call every 0.56 seconds. Between 7:00 pm and 8:00 pm on February 6, 2009, approximately 9,923 calls with a caller ID of 917-210-4609 were made. On average, that is one call every 0.36 seconds. Between 4:00 pm and 5:00 pm on February 13, 2009, approximately 10,969 calls with a caller ID of 917-210-4609 were made. On average, that is one call every 0.32 seconds.

18. These Telemarketing Calls not only invade the privacy of Verizon Wireless' customers and employees, they also damage Verizon Wireless' relationships with its customers and impose customer service costs on Verizon Wireless. Verizon Wireless customers who have received Telemarketing Calls may blame Verizon Wireless for the annoyance and intrusion they have suffered as a result of receiving these calls. These customers will often call Verizon Wireless Customer Service to complain about the calls and to request credits for the airtime used by these calls, thus causing Verizon Wireless to incur significant additional costs as a result of these calls.

## COUNT ONE
### (Violation of 47 U.S.C. § 277)

19. Verizon Wireless repeats and realleges the prior allegations of the Complaint as if set forth completely herein.

20. The TCPA, 47 U.S.C. § 277, *et seq.*, was enacted to, among other things, protect the privacy interests of wireless telephone users from the use of automated dialing equipment or prerecorded voices to make unsolicited telemarketing calls to cellular telephones. The TCPA provides, in relevant part, that "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system <u>or</u> an artificial or

6

prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone." 47 U.S.C. § 227(b)(1) (emphasis added).

21. The term "automatic telephone dialing system" means equipment which has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

22. Defendants have violated the TCPA, in that they have, within the United States, made calls to telephone numbers assigned to cellular telephones, not for emergency purposes and not made with the prior express consent of the called party, using (1) an automatic telephone dialing system, and/or (2) an artificial or a prerecorded voice.

23. The TCPA specifically provides that an aggrieved party may institute a private right of action. It states, in relevant part, that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, . . . [and/or] to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). Additionally an award of statutory or actual damages may be trebled by the court where a defendant has willfully or knowingly violates the TCPA.

24. Verizon Wireless is entitled to statutory damages of $500 for each Telemarketing Call made by or on behalf of Defendants to a Verizon Wireless concession account and actual damages it has suffered as a result of Telemarketing Calls made to Verizon Wireless customers, such amounts to be trebled as result of Defendants' knowing and willful violation of the TCPA.

## COUNT THREE
## (Violation of Consumer Fraud Act, N.J.S.A. 56:8-130)

25. Verizon Wireless repeats and realleges the prior allegations of the Complaint as if set forth completely herein.

26. N.J.S.A. 56:8-130(a) prohibits telemarketers from making or causing to be made any telemarketing sales call to a commercial mobile service device of any customer.

27. N.J.S.A. 56:8-130(b) defines a "commercial mobile service device" to be "any equipment used for the purpose of providing commercial mobile service," including Verizon Wireless's customers' and employees' wireless phones.

28. Defendants have violated the Consumer Fraud Act, in that, acting as a telemarketer, they have made or caused to be made telemarketing sales calls to customers' commercial mobile service devices.

29. Defendants' conduct of making unsolicited telemarketing calls to Verizon Wireless subscribers on their wireless phones, including calls made to employee concession accounts, violates N.J.S.A. 56:8-130.

30. As a result of Defendants' violation of the New Jersey Consumer Fraud Act, Verizon Wireless has suffered injury, damages and an ascertainable loss of money.

## COUNT THREE
### (Invasion of Privacy)

31. Verizon Wireless repeats and realleges the prior allegations of the Complaint as if set forth completely herein.

32. In engaging in the foregoing conduct, Defendants have intruded intentionally upon the solitude or seclusion of the recipients of the Telemarketing Calls, and/or upon their private affairs or concerns.

33. Such intrusion is, objectively, highly unreasonable and such conduct harms Verizon Wireless and its customers.

**WHEREFORE**, Verizon Wireless demands the entry of a judgment as follows:

a. That Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and thereafter permanently enjoined from further making calls to wireless telephone numbers in violation of the TCPA and the New Jersey Consumer Fraud Act;

b. That Verizon Wireless be awarded statutory damages in the amount of $500 for each violation of the TCPA by the making of a Telemarketing Call to a Verizon Wireless concession account, along with treble damages for Defendants knowing and willful violation of the TCPA; and

c. That Verizon Wireless be awarded treble damages, an award of reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J.S.A. 56:8-19; and

d.  That compensatory, consequential and punitive damages be awarded in favor of Verizon Wireless and against Defendants, together with interest thereon;

e.  That Verizon Wireless be granted such other relief as this Court deems just and proper.

>GREENBERG TRAURIG, LLP
>
>By: /s/ Ian S. Marx
>Philip R. Sellinger (PS-9369)
>Ian S. Marx (IM-1704)
>
>200 Park Avenue
>P.O. Box 677
>Florham Park, New Jersey 07932-0677
>(973) 360-7900 (Phone)
>(973) 301-8410 (Facsimile)
>
>Attorneys for Plaintiff
>*Cellco Partnership d/b/a Verizon Wireless*

Dated: February 24, 2009

## **VERIFICATION**

Mark Prach, of full age and under penalty of perjury, declares and states as follows:

I am an Investigator within the Corporate Security Department of Cellco Partnership d/b/a Verizon Wireless, the plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my own knowledge and my review of business records, except as to the matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
MARK PRACH

Dated: February 23, 2009